IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHAUN LOVE,
    Petitioner,

v.                                                                                                  Civil No. 3:23cv635 (DJN)

WARDEN LARRY EDMUNDS,
    Respondent.

**MEMORANDUM OPINION**

Shaun Love ("Petitioner"), a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the County of Prince George ("Circuit Court").[1] Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. As explained below, the Motion to Dismiss (ECF No. 9) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED as untimely.[2]

**I. PROCEDURAL HISTORY**

On November 14, 1996, after Petitioner had pled guilty, the Circuit Court entered final judgment on Petitioner's convictions of murder, use of a firearm in the commission of murder, breaking and entering, and possession of a firearm by a convicted felon. (ECF No. 11-1, at 1–5.)

---

[1] Petitioner employed the form for filing a 28 U.S.C. § 2241 Petition. However, because he is in custody pursuant to the judgment of a state court, his habeas petition is governed by 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254.'").

[2] The Court corrects the capitalization, spelling and punctuation and omits emphasis in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

Petitioner appealed. On August 4, 1997, the Supreme Court of Virginia refused Petitioner's petition for appeal. (ECF No. 11-4, at 2.)

Petitioner did not file a petition for a writ of habeas corpus with the Virginia courts.

On September 26, 2023, Petitioner mailed his § 2254 Petition to this Court.[3] (ECF No. 1, at 10.) Petitioner raises the following claims:

> Claim One: "Gateway Claim." (ECF No. 2, at 7.) Petitioner is actually innocent "due to mental incapacitation at the time of the alleged crimes." (*Id.*)
>
> Claim Two: "Ineffective Assistance of Counsel." (*Id.* at 10.)
> (a) Defense counsel was ineffective for failing to request a mental competency hearing. (*Id.*)
> (b) Petitioner's guilty plea was not knowing and voluntary, because counsel failed to investigate Petitioner's competency and threatened and coerced Petitioner into pleading guilty. (*Id.* at 13–18.)

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

[3] This constitutes the date that Petitioner swears that he placed his federal habeas petition in the prison mailing system. (ECF No. 1, at 10.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

    laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment became final on November 3, 1997, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); S. Ct. R. 13.1. The limitation period expired one year later, on November 3, 1998. Because Petitioner failed to file his § 2254 Petition by that date, it is barred by the statute of limitations unless it is rendered timely by a belated commencement of the limitation period or an equitable exception to the limitation period. Petitioner contends that his § 2254 Petition qualifies as timely, because his mental incapacity demonstrates that (1) he is actually innocent of the crimes of which he stands convicted and, (2) he is entitled to equitable tolling.

### C. Actual Innocence

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"); *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually."). Here, the Court reviews Petitioner's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Petitioner's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need

not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Petitioner contends that he stands actually innocent because he was legally insane. *See Wilson v. Greene*, 155 F.3d 396, 404–05 (4th Cir. 1998) (considering, but ultimately rejecting petitioner's claim that he was actually innocent because he was legally insane at the time of the offense); *see also Britz v. Cowan*, 192 F.3d 1101, 1103–04 (7th Cir. 1999) (same).[4] "Virginia recognizes two tests for determining whether a defendant is not guilty by reason of insanity: the *M'Naghten* test and the irresistible-impulse doctrine." *Khine v. Commonwealth*, 877 S.E.2d 514, 520 (Va. Ct. App. 2022) (citing *Vann v. Commonwealth*, 544 S.E.2d 879 (Va. Ct. App. 2001)). Under the *M'Naghten* test, the defendant must "clearly prove[] that, at the time of the committing of the act, the party accused was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong." *Id.* (quoting *Price v.*

---

[4] The Supreme Court of Virginia has stated:

> A person who has been found "not guilty by reason of insanity" of a criminal charge has not been acquitted in the sense that he has been determined to be innocent of the commission of the criminal act charged. Rather, he has been excused from criminal responsibility for the act because his mental condition at the time of the offense crossed the borderline of legal insanity, precluding a finding that he possessed the mens rea requisite for conviction[.]

*Eastlack v. Commonwealth*, 710 S.E.2d 723, 725 (Va. 2011).

*Commonwealth*, 323 S.E.2d 106, 109 (Va. 1984)). On the other hand, "[t]he irresistible impulse defense is available when the accused's mind has become so impaired by disease that he is totally deprived of the mental power to control or restrain his act. That impairment must exist at the time of the offense." *Id.*

Petitioner has not presented any "new reliable evidence" that he qualified as legally insane at the time of the alleged offenses. *Schlup*, 513 U.S. at 324. Instead, Petitioner merely alleges that when he was sixteen years old, Dr. Patricia B. Bruner conducted an evaluation of Petitioner, wherein she "diagnosed Mr. Love with 'depression, anger, and frustration' issues. More pertinently, he was noted to have 'intellectual functioning in the low end.'" (ECF No. 2, at 9.)[5] Petitioner has not attached a copy of these records. *See Weeks*, 119 F.3d 1353–54 (emphasis that actual innocence gateway requires actual evidence, not merely allegations that evidence exists). Moreover, these allegations fall far short of demonstrating that Petitioner qualified as legally insane at the time that he committed the offenses for which he stands convicted. Accordingly, Petitioner fails to establish that his actual innocence excuses his failure to timely file his § 2254 Petition.

### D. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements

---

[5] Petitioner was twenty-two years old when he committed the instant offenses.

of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

The Fourth Circuit has concluded that "the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of *profound mental incapacity*." *Justus v. Clarke*, 78 F.4th 97, 114 (4th Cir. 2023) (quoting *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004)), *cert. denied sub nom. Dotson v. Justus*, 2024 WL 1241330 (U.S. Mar. 25, 2024). In *Justus*, the Fourth Circuit remanded the case to "the district court with instructions to conduct an evidentiary hearing on whether Justus's mental condition during the relevant period constitutes an 'extraordinary circumstance' that justifies relief under Rule 60(b)(6) and entitles him to equitable tolling of the statute of limitations governing his habeas petition." *Id.* at 117. In that case, Justus:

> provided extensive evidence that he is severely mentally ill. Following his arrest, Justus was twice found incompetent to stand trial. And, although the Circuit Court rejected Justus's insanity defense, it recognized at sentencing that "there is substantial evidence in this case that the defendant suffers from some very serious mental health problems." J.A. 180. In particular, there is significant evidence— including his treating psychologist's trial testimony and his post-conviction medical records — establishing that when unmedicated, Justus's functioning deteriorates and he experiences depression and psychotic symptoms, such as paranoia and perceptual disturbances.

*Id.* at 115. Petitioner has not produced any evidence that he is, or for the last twenty-five plus years, has been severely mentally ill. Furthermore, there is no evidence that Petitioner has been pursuing his rights diligently. Accordingly, Petitioner fails to demonstrate that he is entitled to equitable tolling.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Petitioner's § 2254 Petition (ECF No. 1) and Motion for an Evidentiary Hearing (ECF No. 3) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

                                                      /s/
                                     David J. Novak

Richmond, Virginia                                    United States District Judge
Dated: May 1, 2024